IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CARMEN HILL**                                                                   **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO. 2:06-CV-244-KS-MTP**

**FOREST LABORATORIES, INC.**                                                     **DEFENDANT**


## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part and denies in part** Defendant's Motion to Dismiss [28]. With respect to the issue of judicial estoppel, the Court denies the motion. The Court grants the motion with respect to Plaintiff's negligence claims insofar as they are asserted as independent tort claims outside the scope of the MPLA, but Plaintiff may pursue the negligence claims as product liability claims subject to the MPLA's requirements.

### A.   *Judicial Estoppel*

Defendant first argues that Plaintiff's claims should be dismissed under the principle of judicial estoppel because she failed to disclose them in her bankruptcy. Defendant presented a variety of matters outside the pleadings in support of this argument. When considering a motion to dismiss, "the trial court has complete discretion in considering materials outside the pleadings." *Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 76 n. 1 (5th Cir. 1982); *see also Gen. Retail Servs. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 784 (5th Cir. 2007). If the Court considers materials outside the pleadings, it must convert the Rule 12 motion to dismiss into one for

summary judgment under Rule 56. FED. R. CIV. P. 12(d).

The Court declines to consider the materials outside the pleadings presented by Defendant. The key question presented by the parties' briefing – whether Plaintiff's failure to disclose her claims to the bankruptcy court was inadvertent – is one of fact. *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012) ("Whether a debtor's failure to disclose claims was inadvertent presents a question of fact."). According to the docket, the parties have not conducted any discovery since this case was remanded from the Eastern District of Missouri. Indeed, the Case Management Order [19] was just entered on January 30, 2014, and the discovery period does not expire until December 4, 2014. In light of the fact-intensive nature of this issue, the Court believes it prudent to reserve consideration of evidence until the parties have developed the record through discovery.

Plaintiff's Amended Complaint [26] contains no allegations concerning her bankruptcy or her knowledge of the undisclosed claims. *See id.* ("[I]n considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.") (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999)). Therefore, the Court must deny Defendant's Motion to Dismiss [28] with respect to the judicial estoppel argument, which is based entirely upon materials outside the pleadings.

## B. *The MPLA and Negligence Claims*

Next, Defendant argues that Plaintiff's negligence claims have been displaced

by the Mississippi Product Liability Act ("MPLA").[1] General negligence claims based on a defective product are subsumed by the MPLA. *See Gardley-Starks v. Pfizer, Inc.*, 917 F. Supp. 2d 597, 602 (N.D. Miss. 2013); *McSwain v. Sunrise Med., Inc.*, 689 F. Supp. 2d 835, 844-45 (S.D. Miss. 2010). Phrased differently, "while negligence claims can be brought alongside [product liability] claims, the findings for the claims brought under the MPLA can be dispositive as to the product-based negligence claims such as negligent failure to warn and negligent design." *McSwain*, 689 F. Supp. 2d at 846. The Mississippi Legislature recently codified this longstanding *Erie* guess, and beginning on July 1, 2014, the MPLA will apply to "any action for damages caused by a product, including, but not limited to, any action based on a theory of strict liability in tort, negligence or breach of implied warranty . . . ." 2014 Miss. H.B. 680, MS LEGIS 48 (Miss. 2014). The question, therefore, is whether Plaintiff's negligence claims are for damages caused by a defective product.

First, Plaintiff claims that Defendant negligently failed to warn of the alleged association between Lexapro and suicide. This is plainly a product liability claim within the scope of the MPLA. *See* MISS. CODE ANN. § 11-1-63(a)(i)(2), (c) (addressing claims that product was defective because it failed to contain adequate warnings).

Next, Plaintiff claims that Defendant negligently failed to test or otherwise investigate the alleged association between Lexapro and suicide, and she claims that Defendant negligently misrepresented and over-promoted Lexapro. Plaintiff argues that these are not product liability claims insofar as she alleges that Defendant's

---

[1] MISS. CODE ANN. § 11-1-63.

conduct, rather than a defective product, caused damages. This is ridiculous sophistry. Regardless of how Plaintiff frames the claim – as one for damages caused by a defective product, as one for damages caused by Defendant's failure to test a defective product, or as one for Defendant's promotion and misrepresentation of a defective product – it ultimately arises from a defective product. If the product had not been defective in the first place, as Plaintiff alleges, Defendant's actions would have had no consequence.

For these reasons, the Court grants Defendant's Motion to Dismiss [28] with respect to Plaintiff's negligence claims insofar as they are asserted as independent tort claims outside the scope of the MPLA. Plaintiff may pursue them, however, as product liability claims subject to the MPLA's requirements.

*C.  Conclusion*

For the reasons stated above, the Court **grants in part and denies in part** Defendant's Motion to Dismiss [28]. The Court denies the motion with respect to the issue of judicial estoppel. The Court grants the motion with respect to Plaintiff's negligence claims insofar as they are asserted as independent tort claims outside the scope of the MPLA, but Plaintiff may pursue the negligence claims as product liability claims subject to the MPLA's requirements.

SO ORDERED AND ADJUDGED this 6th day of June, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE